UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ATLAS POWER LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>           Defendant. | Court No. 23-00084 |

## COMPLAINT

Atlas Power LLC ("Atlas"), by and through its undersigned attorneys, hereby brings this civil action and alleges the following:

1. This is an action challenging the decision of the Defendant, acting through United States Customs & Border Protection ("CBP") under Section 515 of the Tariff Act of 1930, 19 U.S.C. § 1515, to deny Atlas' protest against the assessment of 301 tariffs on NVIDIA CMP 170HX printed circuit assemblies imported by Atlas during the period October 5, 2021 through November 1, 2021.

### Parties

2. Plaintiff Atlas Power LLC, 311 N. Robertson Boulevard, Unit 910, Beverly Hills, CA 90211-1705, is one of North America's premier datacenter operators. Atlas' datacenters are used for numerous purposes, including Cryptocurrency Mining and hosting services for third parties who are also mining bitcoin.

3. Defendant United States received the disputed tariffs and is the statutory defendant in an action brought under 28 U.S.C. § 1581(a).

1

### Standing

4. Atlas has paid duties to the United States as a result of tariffs illegally imposed on NVIDIA CMP 170HX printed circuit assemblies imported by Atlas. The tariffs imposed by Defendant adversely affected and aggrieved Atlas because it was required to pay and did pay unlawful duties. Plaintiff has standing under 5 U.S.C. § 702 because it was "adversely affected or aggrieved" by agency action and under 28 U.S.C. § 2631(a) because the denied protest that is the subject of this action was filed by Atlas.

### Jurisdiction

5. The Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(a), which confers upon the Court of International Trade "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." 28 U.S.C. § 1581(a).

### Timeliness

6. An action under 28 U.S.C. § 1581(a) must be commenced within 180 days after the contested protest was denied. 28 U.S.C. § 2636(a).

7. Atlas timely commenced this civil action by filing a summons on April 19, 2023, within 180 days after the contested protest was denied on November 22, 2022.

### Relevant Facts

8. Cryptocurrency miners often use graphics processing units ("GPUs") for crypto currency mining because GPUs are equipped with a large number of arithmetic logic units ("ALUs") that can carry out the mathematical computations associated with crypto mining in parallel.

9. Prior to October 2021, Atlas imported Chinese origin GPUs and installed the GPUs in its

data centers for use in cryptocurrency mining.

10. The NVIDIA CMP 170HX is a printed circuit assembly incorporating a GA100 graphics processor. A GA100 graphics processor is a computer chip designed for and principally used in NVIDIA GPUs. At the time of importation, the NVIDIA CMP 170HX printed circuit assemblies did not incorporate graphics outputs.

11. During the period October 5, 2021 through November 1, 2021, Atlas entered four shipments of Chinese-origin NVIDIA CMP 170HX printed circuit assemblies into the commerce of the United States through the port of Cleveland, Ohio, under cover of the following entry numbers: 8GF-2000360-5 (October 5, 2021); 8GF-2000378-7 (November 1, 2021); 8GF-2000380-3 (November 1, 2021); and 8GF-2000384-5 (November 1, 2021). All these entries were liquidated on or about August 12, 2022.

12. At the time of importation, Atlas classified the merchandise under Harmonized Tariff Schedule of the United States ("HTSUS") subheading 8473.30.1180, which provides for: "Parts and accessories (other than covers, carrying cases and the like) suitable for use solely or principally with machines of headings 8470 to 8472: Parts and accessories of the machines of heading 8471[*i.e.,* automatic data processing ("ADP") machines]: Not incorporating a cathode ray tube: Printed circuit assemblies: Other……………………………….……..Free."

13. During the relevant time period, products of China classified under HTSUS 8473.30.1180 were generally subject to a temporary 25% *ad valorem* tariff imposed under Section 301 of the Trade Act of 1974, 19 U.S.C. § 2411. However, during the relevant time period certain products of China classified under HTSUS 8473.30.1180 were excluded from assessments of 301 tariffs by virtue of HTSUS Chapter 99, Note 20(iii) and *Notice of*

3

*Reinstatement of Certain Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 87 Fed. Reg. 17380 (March 28, 2022). The list of excluded products included:

> (156) Printed circuit assemblies for rendering images onto computer screens ("graphics processing modules") (described in statistical reporting number 8473.30.1180)
>
> (157) Printed circuit assemblies to enhance the graphics performance of automatic data processing (ADP) machines ("accelerator modules") (described in statistical reporting number 8473.30.1180)
>
> (158) Printed circuit assemblies, constituting unfinished logic boards (described in statistical reporting number 8473.30.1180).

14. At the time of importation, CBP rejected the assertion by Atlas that the imported NVIDIA CMP 170HX printed circuit assemblies were excluded from assessments of 301 tariffs and required Atlas to deposit the 25% 301 tariffs, notwithstanding the fact that GPUs imported by Atlas in the past had been excluded from 301 tariffs. Upon liquidation of the entries, Atlas filed a protest asserting that the imported NVIDIA CMP 170HX printed circuit assemblies were excluded from the assessment of 301 tariffs. On November 22, 2022, the protest was denied.

## COUNT I

15. The allegations of paragraphs 1 through 14 are restated and incorporated herein by reference.

16. Lexicographic authorities define a logic board as: "An assembly of decision-making circuits on a printed-circuit mounting board." *See* <u>IEEE 100 The Authoritative Dictionary of IEEE Standards Terms</u> (Seventh Edition). The CMP 170HX falls within the definition

of a logic board because it is a printed circuit assembly containing a large number of arithmetic logic units ("ALUs"). An ALU is defined as a "functional component of a computer system that performs arithmetic and logical operations." *Id*. The NVIDIA CMP 170HX falls within the definition of a logic board because it is a printed circuit assembly containing a large number of ALUs, each of which behaves as a decision making circuit.

17. ADP devices that require further processing after importation, including the addition of firmware and/or application software in order to perform their intended function, are regarded as unfinished articles for customs purposes. *See* HQ 962847(October 15, 1999) (unfinished laptop computer) ("The subject laptop computer is an incomplete or unfinished digital processing unit, needing only the introduction of the full BIOS instruction code."); NY C86235 (April 9, 1998) (unfinished flight computer) ("The ELVFC in this case is imported minus its application software. It is, therefore, an incomplete or unfinished article."). The NVIDIA CMP 170HX logic boards imported by Atlas were unfinished at the time of importation because they required post importation processing in order to perform their intended function.

18. Because NVIDIA CMP 170HX printed circuit assemblies were unfinished logic boards at the time of importation and therefore excluded from assessments of 301 tariffs, it was unlawful for CBP to assess 301 tariffs on the NVIDIA CMP 170HX printed circuit assemblies that are the subject of this action.

## COUNT II

19. The allegations of paragraphs 1 through 18 are restated and incorporated herein by reference.

20. In the alternative, if the NVIDIA CMP 170HX printed circuit assemblies that are the

subject of this action are not unfinished logic boards, then they are unfinished accelerator modules because they have the same essential character as accelerator modules.

21. For tariff purposes, unfinished articles are accorded the same tariff treatment as finished goods having the same essential character. See <u>HTSUS General Rule of Interpretation</u> 2(a) (Any reference in a heading to an article shall be taken to include a reference to that article incomplete or unfinished, provided that, as entered, the incomplete or unfinished article has the essential character of the complete or finished article.). The essential character of accelerator modules generally and the NVIDIA CMP 170HX printed circuit assemblies in particular is derived from the large number of arithmetic logic units ("ALUs") they incorporate, which allows them to carry out a large number of mathematical computations simultaneously, thereby serving the function and purpose of an accelerator module.

22. Because the NVIDIA CMP 170HX printed circuit assemblies imported by Atlas constituted unfinished accelerator modules at the time of importation and were therefore excluded from assessments of 301 tariffs, it was unlawful for CBP to assess 301 tariffs on the NVIDIA CMP 170HX printed circuit assemblies that are the subject of this action.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment from the Court:

(1) Declaring that the NVIDIA CMP 170HX printed circuit assemblies imported by Atlas were and are excluded from assessments of 301 tariffs;

(2) Ordering Defendant to refund, with interest as provided by law, any and all tariffs paid by Plaintiff in connection with the merchandise imported under cover of the entries which are the subject of this action;

(3) Awarding Plaintiff its costs and reasonable attorney fees; and

(4)   Granting Plaintiff such other relief as the Court may deem appropriate.

        Respectfully submitted,

        /s/ J. Kevin Horgan
_____
J. Kevin Horgan
Merisa A. Horgan
**DEKIEFFER & HORGAN, PLLC**
Suite 410
1156 Fifteenth Street, N.W.
Washington, DC 20005
Tel: (202) 783-6900
Fax: (202) 783-6909
email:  kevin.horgan@dhlaw.com
Counsel to Plaintiff Atlas Power, LLC

Dated:  April 28, 2023