UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: STEPHEN A. VADEN, JUDGE

| | | |
|---|---|---|
| ATLAS POWER LLC, | : | |
| | : | |
| Plaintiff, | : | Court No. 23-00084 |
| v. | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION, OUT OF TIME, FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

Pursuant to Rules 1, 6, 7 and 36 of the Rules of the United States Court of International Trade (USCIT), plaintiff, Atlas Power LLC (Atlas), hereby responds to Defendant's motion for an extension of time to respond to Plaintiff's Request for Admissions.

### BACKGROUND

This civil action contests the denial of Plaintiff's protest regarding the unlawful assessment of Section 301 tariffs on graphics processing units ("GPUs") imported in 2021. Atlas classified the merchandise under Harmonized Tariff Schedule of the United States ("HTSUS") subheading 8473.30.1180, which provides for: Parts and accessories (other than covers, carrying cases and the like) suitable for use solely or principally with machines of headings 8470 to 8472: Parts and accessories of the machines of heading 8471 *i.e.*, automatic data processing ("ADP") machines. Atlas further asserted that during the relevant time period certain products of China classified under HTSUS 8473.30.1180 were excluded from assessments of 301 Tariffs. The list of excluded products included:

1

> (156) Printed circuit assemblies for rendering images onto computer screens ("graphics processing modules") (described in statistical reporting number 8473.30.1180)
>
> (157) Printed circuit assemblies to enhance the graphics performance of automatic data processing (ADP) machines ("accelerator modules") (described in statistical reporting number 8473.30.1180)
>
> (158) Printed circuit assemblies, constituting unfinished logic boards (described in statistical reporting number 8473.30.1180).

Plaintiff commenced this action in April 2023 to contest the denial of its protest. On July 28, 2023, the Court entered an order calling for the completion of discovery by February 29, 2024. At the Government's request, plaintiff agreed to extend the discovery time until May 29, 2024. At Defendant's request, Plaintiff agreed to depositions of Atlas Power in Missoula, Montana on April 30, 2024. At Defendant's request, Plaintiff agreed to the deposition of NVIDIA in Santa Clara, California on May 10, 2024. At Defendant's request, Plaintiff agreed to reschedule the NVIDIA deposition to May 16, 2024. The Atlas and NVIDIA depositions were attended in person by Defendant's trial counsel and telephonically by Sabahat Chaudhary, Esq. of United States Customs & Border Protection ("CBP").

On May 17, 2024, Plaintiff's counsel was advised that transcripts of the Atlas depositions were available.

Plaintiff served a Request for Admissions on Defendant on April 18, 2024, by email, the manner of service the parties had agreed upon and used with respect to all discovery in this litigation. Defendant acknowledged receipt of Plaintiff's request for admissions on April 19, 2024. In accordance with USCIT R. 36, matters that are subject of a request for admission are admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. Defendant did not respond to Plaintiff's request for admissions

within 30 days after service, *i.e.*, on or before Saturday, May 18, 2024, a deadline which was automatically extended to the next business day, May 20, 2024. Throughout discovery in this litigation, the parties have calculated response dates without adding five days for mailing.

Now, nearly four years after Defendant unlawfully assessed tariffs on Plaintiff's subject merchandise, eighteen months after denying Plaintiff's protest, after more than a year in litigation and after almost nine months of discovery, Defendant claims it needs more time to respond appropriately to Plaintiff's Request for Admissions.

## DISCUSSION

Defendant's professed inability to respond to Plaintiff's Request for Admissions is a circumstance of Defendant's own creation. Defendant waited until the last few weeks of the already extended discovery schedule to conduct the depositions that Defendant now claims are crucial to its understanding of Plaintiff's claims. Then, upon conducting those depositions, Defendant failed to request expedited transcripts that would have allowed it to utilize the transcripts in responding to the Request for Admissions, which had been served weeks earlier.

It is also not clear why the deposition transcripts are needed to respond to the Request for Admissions. Defendant's trial and agency counsel attended the depositions and heard the testimony. If the depositions had produced any evidence that would allow Defendant to deny the requested admissions, such evidence would have been known to Defendant not later than April 30, 2024, in the case of the Atlas depositions, and May 16, 2024, in the case of the NVIDIA deposition. Defendant has failed even to allege that such evidence was elicited in any of the Atlas or NVIDIA depositions.

If Defendant was unable to respond appropriately to Plaintiff's Request for Admissions in a timely manner, it is because Defendant has throughout this litigation failed to produce or

discover any evidence that would contradict Plaintiff's claims in this action. Thus, there is no injustice or prejudice in recognizing that the matters raised in Plaintiff's Request for Admissions have been admitted in accordance with the terms of USCIT Rule 36. Rule 36 will have worked as intended by narrowing the issues to only those matters where there is a genuine issue of fact or law.

Finally, as Defendant concedes, the appropriate request for relief from admissions is a motion to withdraw the admissions. Asking the Court to grant an extension of time to respond to a request for admissions after the matters have been admitted is a futile gesture.

The motion for an extension of time should be denied.

Dated: May 28, 2024

/s/J. Kevin Horgan
J. Kevin Horgan
Merisa A. Horgan
**deKieffer & Horgan, PLLC**
1156 Fifteenth Street, N.W. Washington, DC 20005
Tel: (202) 783-6900
Fax: (202) 783-6909
email: kevin.horgan@dhlaw.com
*Counsel to Plaintiff Atlas Power, LLC*