## UNITED STATES COURT OF INTERNATIONAL TRADE

ATLAS POWER LLC,

    *Plaintiff,*

v.

UNITED STATES,

    *Defendant.*

Before: Stephen Alexander Vaden,
Judge

Court No. 1:23-cv-00084 (SAV)

### <u>ORDER</u>

Before the Court is Defendant's May 24, 2024 Motion to extend its time to respond to Plaintiff's requests for admissions under USCIT Rule 36. Def's Mot., ECF No. 24. The Defendant moved under USCIT Rules 1, 6(b)(1)(B), and 7 after failing to timely respond to Plaintiff's request for admissions within thirty days after service. *Id.* at 1; Pl.'s Resp. at 2–3, ECF No. 25.[1] Defendant noted it is aware that USCIT Rule 36 contains its own mechanism to withdraw or amend an admission. Def.'s Mot. at 8–9, ECF No. 24 ("[T]he requests have been deemed admitted[,] and [USCIT Rule 36] imposes consequences for untimely responses to requests for admissions, but also includes a mechanism for a party to request that an admission be withdrawn or amended."). To obtain relief, the Defendant should use the mechanism in USCIT Rule 36(b) and address its requirements. For those reasons, the Defendant's Motion will be **DENIED**.

---

[1] Defendant's response to Plaintiff's requests for admissions was due on Saturday, May 18, 2024; but the deadline was automatically extended to May 20, 2024 — the next business day. Pl.'s Resp. at 3, ECF No. 25; *see also* USCIT R. 6(a)(1)(c) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

USCIT Rule 36(a)(3) provides, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Further, "A matter admitted under [USCIT Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." The Court, in its discretion, may permit withdrawal or amendment if: (1) "it would promote the presentation of the merits of the action," and (2) the Court "is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *See* USCIT R. 36(b).

Defendant's Motion, as currently framed, cannot provide the relief Defendant seeks. Once Defendant failed to respond to Plaintiff's requests within thirty days, the requests were automatically admitted as the plain text of USCIT Rule 36(a)(3) provides. By failing to timely respond, Plaintiff's requests were "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." USCIT R. 36(b). Defendant states that it "intend[s] to file … a motion … to withdraw the deemed admissions." Def.'s Mot. at 9, ECF No. 24. Should Defendant file such a motion, the Court will address it under the appropriate standards. Until then, the Court takes no position on whether Defendant may withdraw its admissions. If the Defendant believes it requires further relief under any other rule, it may request that relief in the same motion.

**SO ORDERED**.

/s/ Stephen Alexander Vaden
Stephen Alexander Vaden, Judge

Dated: May 30, 2024
New York, New York