UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| ATLAS POWER LLC, | : |
| | : |
| Plaintiff, | :  Court No. 23-00084 |
| v. | : |
| UNITED STATES, | : |
| | : |
| Defendant. | : |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO WITHDRAW ADMISSIONS**

Pursuant to Rules 1, 29 and 36 of the Rules of the United States Court of International Trade (USCIT), plaintiff, Atlas Power LLC (Atlas), hereby opposes in part Defendant's Motion to Withdraw Admissions.

## BACKGROUND

This civil action contests the denial of Plaintiff's protest regarding the unlawful assessment of Section 301 tariffs on NVIDIA CMP 170 HX graphics processing units ("GPUs") imported by Atlas in 2021 ("the Subject Merchandise"). Atlas classified the merchandise under Harmonized Tariff Schedule of the United States ("HTSUS") subheading 8473.30.1180, which provides for: "Parts and accessories (other than covers, carrying cases and the like) suitable for use solely or principally with machines of headings 8470 to 8472: Parts and accessories of the machines of heading 8471[*i.e.*, automatic data processing ("ADP") machines. Atlas further asserted that the Subject Merchandise was excluded from assessments of 301 Tariffs pursuant to HTSUS 9903.88.56. The list of excluded products set forth in HTSUS 9903.88.56 included:

1

> (108)   Printed circuit assemblies for rendering images onto computer screens ("graphics processing modules") (described in statistical reporting number 8473.30.1180)
>
> (109)   Printed circuit assemblies to enhance the graphics performance of automatic data processing (ADP) machines ("accelerator modules") (described in statistical reporting number 8473.30.1180)
>
> (110)   Printed circuit assemblies, constituting unfinished logic boards (described in statistical reporting number 8473.30.1180).

See *Notice of Reinstatement of Certain Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 87 Fed. Reg. 17380 (March 28, 2022).[1]

Upon liquidation of the entries of the subject merchandise, United States Customs & Border Protection ("CBP") did not alter the classification of the Subject Merchandise under HTSUS 8473.30.1180.  CBP did, however, later decide in response to post summary correction filed by Atlas that the Subject Merchandise was not excluded from assessments of 301 Tariffs pursuant to HTSUS 9903.88.56.  Plaintiff timely filed a protest against the decision of CBP to assess 301 Tariffs on the Subject Merchandise.  Plaintiff did not protest the classification of the Subject Merchandise under HTSUS 8473.30.1180.   In its decision on the protest, CBP did not alter the classification of the Subject Merchandise under HTSUS 8473.30.1180. CBP did, however, reaffirm its decision that the Subject Merchandise was not excluded from assessments of 301 Tariffs pursuant to HTSUS 9903.88.56.

Plaintiff commenced this action in April 2023 to contest the denial of its protest.  On July 28, 2023, the Court entered an order calling for the completion of discovery by February

---

[1] Please note that in its Second Amended Complaint Plaintiff mistakenly numbered the applicable exclusions as (156), (157) and (158), the designations used in later exclusions of the same merchandise. The correct exclusion numbers for merchandise entered during the relevant time period are used above.

29, 2024. At the Government's request, plaintiff consented to a motion to extend the factual discovery time until May 29, 2024, which motion was granted by the Court.

Plaintiff served a Request for Admissions on Defendant on April 18, 2024. The matters raised in Plaintiff's Request for Admissions were admitted when Defendant failed to respond within 30 days. Factual discovery in this matter closed on May 29, 2024.

## DISCUSSION

Plaintiff does not oppose Defendant's Motion to Withdraw Admissions except with respect to Admission Number 6 which states: "The subject merchandise consists of parts of or accessories to ADP machines classified under subheading 8473.30.1180 of the HTSUS."

As stated above and admitted by Defendant in its proposed Responses to Request for Admissions, Atlas classified the subject merchandise under subheading 8473.30.1180 of the HTSUS and CBP did not object to the classification during the administrative proceedings leading to this litigation. In its answer to Plaintiff's complaint, Defendant did not interpose a counterclaim or otherwise indicate that it objected to classification of the Subject Merchandise under subheading 8473.30.1180 of the HTSUS.

In its February 23, 2024, motion to extend the dates in the scheduling order governing this action, Defendant stated that "a possible alternative classification has come to light as a result of the documents produced in discovery." However, Defendant did not disclose its "alternative classification" theory to the Court or to Plaintiff. Defendant has still not disclosed its "alternative classification" theory to Plaintiff or the Court.

Defendant's mystery "alternative classification" theory is precisely why Plaintiff posed Request for Admission Number 6 to Defendant. Plaintiff sought to elicit a response in which Defendant would disclose its "alternative classification" theory or eliminate this issue

3

from the litigation because classification of the Subject merchandise under subheading 8473.30.1180 of the HTSUS was essentially undisputed.

In its proposed Response to Request for Admission Number 6, Defendant denies the Subject Merchandise is properly classified under subheading 8473.30.1180 of the HTSUS but fails to disclose the necessary ramification of this denial, *i.e.*, an alternative classification. So, Defendant's "alternative classification" theory remains a mystery even after all factual discovery in this action has ended. Defendant's response to Request for Admission Number 6 clearly does not "fairly respond to the substance of the matter." *See* USCIT R. 36 (a)(4).

Rather than fairly responding to Plaintiff's Request for Admission Number 6, Defendant's response leads to one of only two conclusions: 1) Defendant really has no alternative classification theory; or 2) Defendant is deliberately delaying disclosure of its alternative classification theory until some later time when Plaintiff will not have an adequate opportunity to conduct discovery related to the mystery theory or seek expert advice in evaluating Defendant's "alternative theory." Such litigation by tactical surprise is wholly inconsistent with the admonition in USCIT R. 1 that the rules of the court should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

By failing to disclose any possible alternative classification claim in a timely manner, Defendant has left any issue concerning classification of the Subject Merchandise under subheading 8473.30.1180 of the HTSUS essentially undisputed. Thus, the Court should not undo Defendant's Admission Number 6 that: "The subject merchandise consists of parts of or accessories to ADP machines classified under subheading 8473.30.1180 of the HTSUS."

Rule 36 should be allowed to work as intended by foreclosing the litigation of issues that are not essentially disputed.

Leaving Admission Number 6 undisturbed will not result in any injustice to Defendant. In its proposed response to Request for Admission Number 12, Defendant admits the Subject Merchandise consists of graphics processing units ("GPUs"). In its proposed response to Request for Admission Number 10, Defendant admits the Subject Merchandise consists of logic boards. In its proposed response to Request for Admission Number 24, Defendant fails to identify a single CBP ruling in which CBP determined that a GPU was classified anywhere in the HTSUS other than subheading 8473.30.1180. CBP has definitively ruled that GPUs with and without video outputs are classified under HTSUS 8473.30.1180. *See* NY Ruling N304787 (June 25, 2019) (NVIDIA Quadro K2000D GPU & NVIDIA Tesla V100 SXM2 GPU Accelerator). As recently as April 3, 2024, CBP issued a ruling confirming that GPUs are classified under HTSUS 8473.30.1180. *See* N338976 (April 3, 2024). Clearly, there is no injustice in retaining the Defendant's admission that the Subject Merchandise is properly classified under subheading 8473.30.1180 of the HTSUS when CBP has uniformly ruled that GPUs are classified under subheading 8473.30.1180 of the HTSUS.

As to withdrawal of the remaining admissions, Plaintiff defers to the discretion of the Court while reserving its right to contest the adequacy of any or all of Defendant's proposed admissions should the Court permit Defendant to withdraw any admissions.

## CONCLUSION

The motion to withdraw admissions should be denied as to Admission Number 6.

                          Respectfully submitted,

                          **/s/ J. Kevin Horgan**
                          J. Kevin Horgan
                          Merisa A. Horgan
                          **DEKIEFFER & HORGAN, PLLC**
                          1156 Fifteenth Street, N.W.
                          Washington, DC 20005
                          Tel: (202) 783-6900
                          Fax: (202) 783-6909
                          email: kevin.horgan@dhlaw.com
Dated: July 1, 2024             *Counsel to Plaintiff Atlas Power, LLC*