UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ATLAS POWER LLC, | : |
| | : |
| Plaintiff, | :    Court No. 23-00084 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO WITHDRAW ADMISSIONS**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

MATHIAS RABINOVITCH
Trial Attorney
Civil Division, Department of Justice
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, NY 10278
Tel. (212) 264-0484
*Attorneys for Plaintiff*

Dated:  July 12, 2024

**TABLE OF CONTENTS**

BACKGROUND .................................................................................................................. 1

ARGUMENT ...................................................................................................................... 2

I.   THE COURT SHOULD GRANT OUR MOTION TO WITHDRAW DEEMED ADMISSIONS ......................................................................................................... 2

    A.  The Government's Objection Alone Provided A Sufficient Response To Request For Admission No. 6. .................................................................................................. 3

    B.  Atlas's Response Reveals That The Information It Truly Sought Was Not The Proper Subject Of A Request For Admission ................................................................... 4

    C.  The Government Has Not Failed To Timely Disclose Any Alternative Classification ........... 6

    D.  The Correct Classification Of Imported Merchandise Is Subject To The Court's *De Novo* Review ................................................................................................... 8

CONCLUSION ................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Bausch & Lomb, Inc. v. United States*,
   148 F.3d 1363 (Fed. Cir. 1998) .................................................................................... 3

*Coach, Inc. v. Horizon Trading USA Inc.*,
   908 F. Supp. 2d 426 (S.D.N.Y. 2012) ........................................................................... 4

*Cyber Power Systems (USA) Inc. v. United States*,
   586 F. Supp. 3d 1325 (Ct. Int'l Trade 2022) ................................................................. 8

*Disability Rights Council v. Wash. Metro Area*,
   234 F.R.D. 1 (D.D.C. 2006) .......................................................................................... 4

*Kahrs Int'l, Inc. v. United States*,
   602 F. Supp. 2d 1352 (Ct. Int'l Trade 2009) ................................................................. 2

*Marbury v. Madison*,
   5 U.S. 137, 177, 2 L.Ed. 60 (1803) ............................................................................... 3

*Norca Engineered Prod., LLC v. United States*,
   No. 21-00305, 2023 WL 4678997 (Ct. Int'l Trade July 21, 2023) ............................ 5, 8

*Sports Graphics, Inc. v. United States*,
   24 F.3d 1390, 1391 (Fed. Cir. 1994) ............................................................................. 3

*United States v. Block 44, Lots 3, 6, Plus W. 80 Feet of Lots 2 & 5*,
   177 F.R.D. 695 (M.D. Fla. 1997) .................................................................................. 4

*United States v. Petroff-Kline*,
   557 F.3d 285 (6th Cir. 2009) ......................................................................................... 5

*Universal Electronics Inc. v. United States*,
   112 F.3d 488, 493 (Fed. Cir. 1997) ........................................................................... 3, 8

**Harmonized Tariff Schedule of the United States**

  Subheading 8473.11.80 ................................................................................................ 1, 3, 4

  Heading 8543 ........................................................................................................................ 7

**Statutes**

Section 301 of the Trade Act of 1974,
   19 U.S.C. § 2411 ............................................................................................................. 1

28 U.S.C. § 2643(b) ................................................................................................................ 8

**Rules**

USCIT Rule 11 ....................................................................................................................... 7

USCIT Rule 36 ....................................................................................................................... 6

USCIT Rule 36(a)(1)(A) ..................................................................................................... 4, 5

USCIT Rule 36(a)(5) .............................................................................................................. 4

USCIT Rule 36(b) ................................................................................................................... 2

USCIT Rule 56(d) ................................................................................................................... 8

**Other Authorities**

*Notice of Reinstatement of Certain Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*,
   87 Fed. Reg. 17380 (March 28, 2022) .............................................................................. 1

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ATLAS POWER LLC, : | |
| : | |
| Plaintiff, : | Court No.  23-00084 |
| : | |
| v. : | |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO WITHDRAW ADMISSIONS**

In accordance with the Court's July 2, 2024 Minute Order, defendant, the United States (the Government), respectfully submits its reply and turns its focus to plaintiff's, Atlas Power LLC (Atlas), objection to the sufficiency of our response to Request for Admission No. 6.

**BACKGROUND**

This action covers four entries of Chinese-origin NVIDIA CMP 170HX's (subject merchandise) made from October 5, 2021 through November 4, 2021.  At the time of importation, Atlas classified the merchandise under subheading 8473.30.1180 of the Harmonized Tariff Schedule of the United States (HTSUS), which subjected the merchandise to a 25 percent *ad valorem* tariff imposed under Section 301 of the Trade Act of 1974, 19 U.S.C. § 2411.  At the time of importation, Atlas did not claim an exclusion from the Section 301 tariff.  However, on March 28, 2022, certain exclusions were reinstated, and made retroactive to entries of merchandise made on October 12, 2021 through December 31, 2022.  *Notice of Reinstatement of Certain Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 87 Fed. Reg. 17380 (March 28, 2022).

1

On May 26, 2022, Atlas filed Post Summary Corrections (PSCs) on the entries requesting exclusion from the Section 301 duties based on the notice of reinstatement. On August 3, 2022, U.S. Customs and Border Protection (CBP) rejected Atlas's PSCs for failing to demonstrate that the retroactive exclusions applied to its goods. The entries autoliquidated on August 12, 2022. Atlas timely protested the liquidation of the entries but submitted documents with the protest unrelated to the subject merchandise covered by the entries. On November 21, 2022, CBP denied the protest because Atlas failed to establish that the imported merchandise satisfied a reinstated exclusion.

## ARGUMENT

**I.    THE COURT SHOULD GRANT OUR MOTION TO WITHDRAW DEEMED ADMISSIONS**

As reflected in Atlas's response to our motion to withdraw deemed admissions, it does not oppose our motion except for our response to Request for Admission No. 6. ECF No. 31 at 3. Although Atlas defers to the Court's discretion on all responses to its Requests for Admissions except No. 6, Atlas reserves its right to contest the adequacy of any or all proposed admissions should the Court permit the withdrawal of the deemed admissions. ECF No. 31 at 5. The Government finds this statement confusing and believes Atlas seeks to reserve its right to contest the adequacy of any or all of the Government's responses. As an initial matter, the sufficiency of a response to the requests for admission is not a basis, on its own, upon which to reject a motion to withdraw prior deemed admissions. *See* USCIT R. 36(b) ("[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."); *see also Kahrs Int'l, Inc. v. United States*, 602 F. Supp. 2d 1352, 1356 (Ct. Int'l Trade 2009). But Atlas has only contested the adequacy of Response No. 6

2

as a means to respond to our motion to withdraw all of the Government's deemed admissions. Accordingly, for the reasons expressed in our opening brief, the Court should grant our motion to withdraw deemed admissions.

With respect to Request for Admission No. 6, the Court should reject plaintiff's objection to the sufficiency of our response for the reasons discussed below.

### A.     The Government's Objection Alone Provided A Sufficient Response To Request For Admission No. 6.

In Request for Admission No. 6, Atlas asks that the Government admit "[t]he subject merchandise consists of parts of or accessories to ADP machines classified under subheading 8473.30.1180 of the HTSUS."  The Government objected to this request because it constituted a purely legal argument as to the classification of the subject merchandise.  According to the U.S. Court of Appeals for the Federal Circuit, the ultimate question regarding the classification of a good is a question of law.  *See, e.g., Bausch & Lomb, Inc. v. United States*, 148 F.3d 1363, 1365 (Fed. Cir. 1998).  Specifically, the Federal Circuit found that:

> The ultimate question in a classification case is whether the merchandise is properly classified under one or another classification heading.  We have consistently viewed this as a question of law, *see Sports Graphics, Inc. v. United States*, 24 F.3d 1390, 1391 (Fed. Cir. 1994), because what is at issue is the meaning of the terms set out in the statute, *see Universal Elecs*., 112 F.3d at 492 ("Questions such as these lie within the domain of the courts, for 'it is emphatically the province and duty of the judicial department to say what the law is.'" (quoting *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137, 177, 2 L.Ed. 60 (1803))).

*Id.*

Here, by its plain terms, Request for Admission No. 6 asked the Government to usurp the role of the Court by admitting the classification of the subject merchandise, a question that falls solely within the domain of this Court.

3

Moreover, through our objection, the Government recognized the impropriety of this type of request and, consistent with USCIT Rule 36(a)(5), provided the grounds for the objection: "[t]his request does not conform to Rule 36(a)(1)(A) because it requests the Government to admit a pure legal argument and/or conclusion of law."  ECF No. 28-2 at 3; *see also Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 432 (S.D.N.Y. 2012) (improper to ask defendants to admit to legal conclusions and "only proper requests for admission will be deemed admitted."); *Disability Rights Council v. Wash. Metro Area*, 234 F.R.D. 1, 3 (D.D.C. 2006) (noting after revision of Fed. R. Civ. P. 36, "[i]t is still true, however, that one party cannot demand that the other party admit the truth of a legal conclusion."); *United States v. Block 44, Lots 3, 6, Plus West 80 Feet of Lots 2 and 5* 177 F.R.D. 695, 695 (M.D. Fla 1997) ("A request for admission of a conclusion of law is improper.").

Accordingly, our objection alone provided a sufficient response.  That we further denied the request does not eliminate our appropriate objection because the denial was made subject to and without waiving the objection.  Finally, because this request improperly asks the Government to admit a legal conclusion, it should not be considered deemed admitted.  *See Coach,* 908 F. Supp. 2d at 432 ("only proper requests for admission will be deemed admitted.").

    **B.**    **Atlas's Response Reveals That The Information It Truly Sought Was Not The Proper Subject Of A Request For Admission**

In its response, Atlas admits that it knew as early as February 23, 2024 that the Government believed "a possible alternative classification ha[d] come to light as a result of the documents produced in discovery."  ECF No. 31 at 3.  Moreover, on December 5, 2023, in response to interrogatories, defendant indicated that it is unable to agree that the subject merchandise is described by statistical subheading 8473.30.1180.  Thus, Atlas was on notice that the Government was contemplating whether to assert a different subheading as applicable to the

subject merchandise.

Atlas further admits that the precise reason it propounded Request for Admission No. 6 "was to elicit a response in which Defendant would disclose its 'alternative classification' theory **or** eliminate this issue from the litigation. . . ." ECF No. 31 at 3-4 (emphasis added). This dual purpose is inconsistent with the purpose behind requests for admission, which are "intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy." *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). Atlas was aware through the Government's stated belief in a possible alternative classification that the classification of its goods was in controversy.

Moreover, in a dispute over the applicability of an exclusion from Section 301 duties, the Court must determine, in addition to looking at the terms of the exclusion, whether the merchandise is also described by the applicable ten-digit statistical subheading. *See generally Norca Engineered Prod., LLC v. United States*, No. 21-00305, 2023 WL 4678997 (Ct. Int'l Trade July 21, 2023) (concluding that the subject counterweights were not classified under ten-digit statistical subheading 8431.49.9095 and thus did not qualify for the exclusion, which covered merchandise described by that statistical subheading).

Surprisingly, Atlas did not use a follow-up interrogatory or a Rule 30(b)(6) deposition to directly ask what alternative classification the Government thought might be appropriate, such that the merchandise would fall outside of the proposed exclusions, and what documents produced in discovery suggested that alternative. Instead, it requested the Government to admit to a legal conclusion in contravention of USCIT Rule 36(a)(1)(A). *See* I.A above.

Given the Government's suggestion that an alternative classification might be applicable to the subject merchandise and knowing that, at the time, fact discovery would not close until

5

May 29, 2024, and expert discovery would not close until September 12, 2024, it is not surprising that Atlas's Request for Admission No. 6 would not suggest to the Government that Atlas was actually attempting to uncover the possible alternative classification, rather than simply propounding an improper request for admission.

In any event, as drafted, Atlas's admitted intended duality for Request for Admission No. 6 does not comport with the purpose of USCIT Rule 36 while simultaneously revealing that the classification of the subject merchandise is in controversy. Otherwise, no dual intent would have been necessary.

      **C.    The Government Has Not Failed To Timely Disclose Any Alternative Classification**

Atlas complains that "rather than fairly responding to Plaintiff's Request for Admission Number 6 [our] response leads to one of only two conclusions"—that defendant either has no alternative classification theory or that it is deliberately delaying its disclosure. ECF No. 31 at 4. For the reasons discussed above and those in our opening brief, Atlas is wrong.

First, the Government has fairly responded to Request for Admission No. 6 when we objected to its failure to comply with USCIT Rule 36. Next, even if Request for Admission No. 6 were not objectionable, it was not designed to elicit the very information that Atlas claims to want to know.

As Atlas acknowledges, since, at the latest, February 23, 2024, the Government advised Atlas that we believed that information developed during discovery suggested that the imported merchandise should be classified differently. Atlas suggests that we do not have an alternative classification theory. ECF No. 31 at 4. Yet, after February 23, Atlas sought no direct discovery on which classification we believed may apply to the subject merchandise. If the Government had reached a degree of certainty as to an alternative classification, we would have asserted the

6

alternative classification. Because we have not reached a sufficient degree of certainty as to the correct classification, we are using the expert discovery phase of this action to assist our analysis and determine how the specifications and functions of the subject merchandise, and any other merchandise for which it could be a part, affect its classification. Although we have not reached a conclusion as to the appropriate classification for the subject merchandise, had Atlas conducted discovery on this issue, we would have responded that we believe the imported merchandise may be covered by Heading 8543, HTSUS, which provides for "Electrical machines and apparatus, having individual functions, not specified or included elsewhere in this chapter; parts thereof." We are hopeful that expert discovery will provide enough information to confirm whether this heading is correct and provide sufficient information to discern the appropriate subheading, if it is.

      Atlas also suggests that the Government is "deliberately delaying disclosure of its alternative classification theory until some later time when Plaintiff will not have an adequate opportunity to conduct discovery. . . ." ECF No. 31 at 4. Atlas is wrong. The Government placed Atlas on notice during the discovery period that an alternative classification might be applicable to its merchandise, such that the merchandise would fall outside of the proposed exclusions. Rather than engage in discovery on this specific issue, Atlas instead served an improper request for admission, to which the Government objected.

      When the Government has gathered sufficient information to enable us, consistent with USCIT Rule 11, to formally assert an alternative classification for the imported merchandise, Atlas will have an opportunity to respond. At that time, Atlas would be free to request that the Court amend the scheduling order to allow additional discovery should Atlas require it.[1]

---

[1] Even during the summary judgment phase of an action, the rules allow a party to seek

Ultimately, obtaining the correct classification result should be the primary focus. Indeed, this Court is charged with doing so. *See* 28 U.S.C. § 2643(b).[2]

### D. The Correct Classification Of Imported Merchandise Is Subject To The Court's *De Novo* Review

Atlas protested CBP's decision that an exclusion to the assessment of Section 301 duties did not apply to the imported merchandise. As a result of this protest, the liquidation of the imported merchandise did not become final, and the issue of its proper classification remains open for review. *See Cyber Power Systems (USA) Inc. v. United States*, 586 F. Supp. 3d 1325, 1331-32 (Ct. Int'l Trade 2022). This Court reviews a classification determination *de novo* and does not defer to CBP's decisions. *Universal Electronics Inc. v. United States*, 112 F.3d 488, 493 (Fed. Cir. 1997) ("The Court of International Trade does not defer to Customs' decisions because it has been tasked by Congress to conduct a *de novo* review, and to determine the correct classification based on the record made before it."); *see also Norca Engineered Prod.*, 2023 WL 4678997 (reviewing *de novo* whether merchandise was described by a ten-digit statistical subheading in an exclusion from Section 301 duties). Given this Court's statutory obligations, a

---

additional discovery. *See* USCIT Rule 56(d), which provides:

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

[2] Section 2643(b) provides:

> If the Court of International Trade is unable to determine the correct decision on the basis of the evidence presented in any civil action, the court may order a retrial or rehearing for all purposes, or may order such further administrative or adjudicative procedures as the court considers necessary to enable it to reach the correct decision.

deemed admission that seeks to establish a legal conclusion should have no sway as to the proper classification of the imported merchandise or the applicability of a particular exclusion from Section 301 duties.

## CONCLUSION

For the reasons stated above, and for those provided in our opening brief, the Court should grant the Government's motion to withdraw deemed admissions as to all requests for admission.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    PATRICIA M. McCARTHY
    Director

    /s/ Justin R. Miller
    JUSTIN R. MILLER
    Attorney-In-Charge
    International Trade Field Office

    /s/ Mathias Rabinovitch
    MATHIAS RABINOVITCH
    Trial Attorney
    Civil Division, Department of Justice
    Commercial Litigation Branch
    26 Federal Plaza – Suite 346
    New York, New York 10278
    Tel. (212) 264-0484
    *Attorneys for Defendant*

Dated:  July 12, 2024

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ATLAS POWER LLC, | : |
| | : |
| Plaintiff, | : Court No. 23-00084 |
| | : |
| v. | : |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant. | : |

## CERTIFICATE OF COMPLIANCE

I, Mathias Rabinovitch, a trial attorney in the Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing Defendant's Reply to Plaintiff's Response to Defendant's Motion to Withdraw Admissions, certify that this memorandum complies with the Court's July 2, 2024 Minute Order.

/s/ Mathias Rabinovitch
MATHIAS RABINOVITCH